IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH VOLKAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-193 |
| | ) | Hon. Nora Barry Fischer |
| COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, ADULT DIVISION, PROBATION OFFICE, FIFTH JUDICIAL DISTRICT, and CHARLES KENNEDY, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSEPH VOLKAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-706 |
| | ) | Hon. Nora Barry Fischer |
| JANICE DEAN, in her individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

In 2008, Plaintiff Joseph Volkay, Jr.'s employment with Defendant Court of Common Pleas of Allegheny County, Adult Division, Probation Office, Fifth Judicial District ("FJD"). (CA 14-193 Docket No. 1 at ¶ 13). Volkay filed a charge of discrimination as to that termination with the EEOC and, subsequently, a lawsuit in this District on September 9, 2009 ("*Volkay I*"). That case settled and resulted in Volkay's reinstatement in September 2010. (*Id.* at ¶15). Volkay's employment was again terminated in 2013. (*Id.* at ¶ 29). Volkay lodged an EEOC

1

charge and, ultimately filed suit against the FJD and Charles Kennedy on February 11, 2014 ("*Volkay II*"). Towards the *end* of fact discovery in *Volkay II*, Plaintiff adduced information "demonstrating that Plaintiff's former department director, Janice Dean ("Dean"), had made a dispositive, 'but-for' decision to recommend Plaintiff's termination," leading him to file a suit against her, separately, and in her individual capacity on May 30, 2015: *Volkay v. Dean*, Civ. No. 15-706 ("*Volkay III*"). (*See Volkay III* Docket Nos. 1, 7). Thus, *Volkay III* was filed over one year after *Volkay II*, and at a time when fact discovery was essentially complete in *Volkay II*.

Presently pending before the Court are Plaintiff's Motions to Consolidate *Volkay II* and *Volkay III* pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[1] (*Volkay II* at Docket No. 68; *Volkay III* at Docket No. 7).[2] Rule 42(a) states:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue and other orders to avoid unnecessary cost or delay.

FED.R.CIV.P. 42(a). "The moving party bears the burden of proof on a motion to consolidate." *Borough of Olyphant v. PPL Corp.*, 135 Fed.Appx. 80, 82 (3d Cir. 2005). The Court has "broad discretion" in considering consolidation motions under Rule 42(a). *See, e.g.*, *A.S. ex rel. Miller v. SmithKline Beecham Corp*, 769 F.3d 204 (3d Cir. 2014). "When exercising its broad discretion in this matter, even where there are common questions of law or fact, 'a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice.'" *Hailey v. City of Camden*, 631 F. Supp. 2d 528, 553 (D.N.J. 2009) (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 176 (D.N.J. 2008)).

---

[1] As the Motions in each case are identical, the Court's cites to "Motion" shall be understood to refer to each filing.
[2] The Court notes that it has previously denied, without prejudice, Plaintiff's previous Motion to Consolidate, as it was filed only in *Volkay II*, and was filed before counsel for Dean entered appearance. (*Volkay II* at Docket No. 52).

Volkay proffers several arguments in support of his Motion. First, he merely states that the Court has broad discretion. Motion at ¶ 6. In response, Dean contends that, while the Court has discretion to grant Volkay's Motions, so too does it have the discretion to deny them. (*Volkay III* at Docket No. 9 p. 3). The Court agrees that its discretion "cuts both ways" and does not find this argument very persuasive.

Next, Volkay argues that "consolidation will promote the interests in achieving a negotiated, global resolution of Volkay's claims." Motion at ¶ 7. All Defendants argue this contention rings hollow due to the structure and organization of the Pennsylvania Court System, because the *Volkay II* Defendants are represented by the Commonwealth, whereas Dean is represented by the Allegheny County Department of Law. (*Volkay II* at Docket No. 70 p. 2; *Volkay III* at Docket No. 9 p. 3). Further, Defendants argue that settlement monies for the claims in *Volkay II* would come from the Commonwealth, but settlement funds for the claims in *Volkay III* would come from Allegheny County. (*Volkay II* at Docket No. 68; *Volkay III* at Docket No. 7). This distinction is persuasive, as the Court surmises that each responsible party would have to make its own assessment of liability and the risks, if any, of defending the action through trial and beyond.[3]

Volkay's third argument is that consolidation would "avoid the potential for conflicting results including, specifically, the imposition of liability against Kennedy but not Dean, or vice versa." Motion at ¶ 8. Defendants argue that no principles of law require that, if a jury finds against Kennedy, it must necessarily find against Dean. (*Volkay II* at Docket No. 70 pp. 2–3; *Volkay III* at Docket No. 9 p. 4). As Dean puts it:

---

[3] Dean further contends that "the County does not value the case as having any value for settlement, and is intending to defend Ms. Dean to dispositive motion or verdict." (*Volkay III* at Docket No. 9 p. 3). While the Court accepts this statement as the County's current position, its stance may well change throughout the course of this litigation.

> Both Mr. Kennedy and Ms. Dean are sued in these separate lawsuit [sic] in their individual capacities. This means that each person's claimed liability must rise or fall based upon the claims presented against each individually. If anything, joining the two lawsuits would more likely tend to conflate the individual nature of the claims against each of them.

(*Volkay III* at Docket No. 9 p. 4). The Court agrees. In order to find against either (or both) Kennedy or Dean, individually, Volkay must prove *each* individual's actions in violation of his rights. It is plausible that, based on factual nuances, including, for example, the fact that the two hold different positions of authority at the FJC, only one of the two could be found liable. Thus, the Court finds this basis inadequate to support Volkay's Motion.

Next, Volkay argues that consolidating the cases would "obviate the potential for duplicative litigation, as precisely the same witnesses and documentary evidence are at issue in both *Volkay II* and *Volkay III*. Motion at ¶ 9. Dean disagrees, arguing that she would be prejudiced if the case against her was consolidated because "she is entitled to her own schedule for a Rule 26 conference, Rule 16 conference, initial disclosures, and propose her own parameters for discovery in her case." (*Volkay III* at Docket No. 9 p. 5). She further contends that, contrary to Volkay's suggestion that there will be minimal discovery as to the claim against Dean, because the discovery in *Volkay II* has been focused on the liability of the FJC and Kennedy, potentially significant additional discovery will be necessary to defend the claim against her. (*Id.* at pp. 5–6). Particularly given the advanced stage of discovery in *Volkay II*, the Court agrees with Dean's argument. She should not be forced to comply with the strictures in place in *Volkay II*, and should be afforded a full opportunity to defend the claims against her.

Finally, Volkay alleges that "consolidation would promote judicial economy, and not pose any prejudice to the Defendants in either case." Motion at ¶ 10. For the reasons previously stated, the Court disagrees with Volkay's prejudice argument. Moreover, it is not entirely clear

4

how consolidating these cases, which are at polar opposite ends of the discovery spectrum, would conserve judicial resources. Certainly, it would be more economical to try one case, rather than two, but the apparent delay that would be necessary to allow *Volkay III* to catch up to *Volkay II* is untenable, as there has not even been a responsive pleading filed in *Volkay III*, let alone discovery.[4] As noted, fact discovery in *Volkay II* is essentially complete, and the Court anticipates imminent summary judgment practice. In the Court's estimation, the *Volkay II* defendant should not be forced to wait to engage in same until *Volkay III* completes discovery. As summed up by Dean's counsel:

> The only reality that can exist in these circumstances is that if the motion to consolidate were granted, in order to gain any "economy," either 1) Ms. Dean's case would be rushed along at an accelerated pace – which serves her no benefit and is unfairly prejudicial to her, or 2) Allegheny Court and Mr. Kennedy would be forced to sit with their case in abeyance, while they waited for Ms. Dean's case to "catch up" to where they are.

(*Volkay III* at Docket No. 9 pp. 6–7). The Court agrees that, whatever economy may be realized in consolidating these cases is outweighed by the prejudice that would be experienced by the Defendants.

AND NOW, this 19th day of August, 2015, upon consideration of Plaintiff's Motions to Consolidate *Volkay II* and *Volkay III*. (*Volkay II* at Docket No. 68; *Volkay III* at Docket No. 7), Defendants' Briefs in opposition thereto, (*Volkay II* at Docket No. 70; *Volkay III* at Docket No. 9), in exercise of the Court's broad discretion, and for the foregoing reasons,

---

[4] While the Court notes that defense counsel in *Volkay II* has shared deposition transcripts with counsel in *Volkay III*, which the Court commends, Dean was not involved in *Volkay III*, other than as a fact witness, and has had no input into the defense strategy or the questioning pursued at the depositions. Accordingly, there will be at least some discovery necessary, assuming the Court denies Dean's anticipated motion to dismiss.

5

IT IS HEREBY ORDERED that Plaintiff's Motions to Consolidate *Volkay II* and *Volkay III*. (*Volkay II* at Docket No. 68; *Volkay III* at Docket No. 7) are DENIED, without prejudice.[5]

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

---

[5] Depending upon the actual trajectory of the cases, the Court may revisit the issue of consolidation for trial.